MURDOCK, Justice
(concurring in the result).
I concur in the result reached by the main opinion. I write separately to address appeal no. 1080069.
The main opinion dismisses appeal no. 1080069 because it concludes that the trial court’s judgment was not appropriate for certification under Rule 54(b), Ala. R. Civ. P., given the “intertwined” nature of the issues adjudicated as to Albert Weems and the issues in the still pending claim against Tony Smith. The main opinion declines, however, to address the Rule 54(b) issue as it relates to Smith & Weems Investments, LLC (“the LLC”). I therefore write separately in the hope of warding off a subsequent judgment that does not include an adjudication of the claims against the LLC.
In short, I do not see how the LLC could not be an appropriate party — with “standing”[7] — to file an appeal in the present ease. This is a case in which the trial court ordered the bank to pay into court the proceeds of the letter of credit and, subsequently, ordered those same proceeds paid to Slack Alost Development Services of Alabama, LLC (“Slack Alost”). The LLC was and is the “applicant” for the letter of credit. As such, it must reimburse the bank for anything paid as a result of a court order regarding that letter. It therefore has the most direct financial stake in whether the letter of credit had to be paid into court and, in turn, whether the proceeds were to be paid over to Slack Alost or are to be available for *564 refund to the bank.[8]
The LLC’s stake in this matter is so obvious that Slack Alost, itself, petitioned the trial court to add the LLC as a party defendant. As Slack Alost concedes in its brief to this Court, Slack Alost “requested that the trial court join [the LLC] as a real party in interest pursuant to [Ala. R. Civ. P.] 19(a), since [the LLC] was the applicant for the letter of credit that served as the earnest money deposit for the purchase contract.” The fact that the LLC was not the particular defendant found in the summary-judgment order to have a direct contractual liability to Slack Alost is immaterial. The facts remain (1) that the LLC had a direct financial interest that was adversely affected by the orders of the trial court in this case providing for the payout on the letter of credit and the disbursement of those proceeds eventually to Slack Alost, all of which became a proper subject of appeal in conjunction with the entry of the summary judgment in appeal no. 1080069; and (2) that the LLC was, in fact, a formal party to the action in which the summary judgment was entered and that summary judgment was adverse to its interests and, as a final judgment in that action, necessarily constituted a final adjudication against the LLC.
Although the trial court purported to limit its summary judgment in appeal no. 1080069 to the rights of Slack Alost and Weems, thereby at first glance leaving the rights and duties of the LLC unadjudicat-ed and reserved for another day, the court-ordered payout and disposition of the letter-of-credit proceeds would have prejudiced the LLC’s rights as the applicant for the letter. Indeed, it would have defeated the very purpose for which it was necessary to join the LLC as a party in the first place: to avoid a judgment that would dispose of its interests without its being able to participate in the judicial proceedings resulting in that judgment (which, of course, includes any appeal necessary as a result of any error by the trial court) and thereby have the due-process opportunity to protect its interests.[9]
The motion filed by Slack Alost seeking the addition of the LLC as a real party in interest specifically explains that it was necessary to add the LLC as a party because the LLC was the “applicant” for the letter of credit and therefore had an interest in the fact that “Slack Alost ha[d] filed a motion for preliminary injunction seeking an order requiring that the standby letter of credit be drawn upon and the proceeds paid into court.” Clearly, therefore, the summary judgment that has been entered by the trial court is the very judgment for which the LLC was added as a party. As the motion of Slack Alost also explained:
*565 “[T]he potential exists for the absence of [the LLC] as a party to impair Slack Alost’s ability to protect its interest. In the alternative, the absence of [the LLC] as a party may create a substantial risk of incurring double, multiple, or otherwise inconsistent obligations with respect to the material issues applicable to Slack Alost’s motion for a preliminary injunction order.”
Again, that motion seeking a preliminary injunction was concerned with the initial payout of the letter of credit, something that, together with the disbursement to Slack Alost, has now been made final by the very summary judgment at issue in this appeal.
Thus, I submit that the present situation as to the LLC goes beyond the type of circumstances in which this Court commonly has said that a Rule 54(b) certification is inappropriate — i.e., where the interests of the excluded party are “intertwined” with those of the party before us on appeal thereby giving rise to the possibility of inconsistent results. Here, the interests of the LLC are not just “intertwined”; it is the LLC’s very interests that are, in effect, being adjudicated and disposed of without the LLC’s having any ability to appeal the judgment that accomplishes this. For this reason, Rule 54(b) certification was inappropriate, there is no final appealable judgment in appeal no. 1080069, and dismissal is the correct result.
COBB, C.J., concurs.

. See main opinion, note 6.

. See, e.g., Fisher v. Dakota Cmty. Bank, 405 F.Supp.2d 1089 (D.N.D.2005) (juxtaposing the interests of the "applicant” and the "beneficiary” of a letter of credit, on the one hand, and that of the bank/“issuer,” on the other hand, and explaining that, in a dispute over whether payment was due on the letter, "if the applicant won, the issuer would not have to make payment and, if the beneficiary won, the issuer would make payment, but would then be able to recover what it paid from the applicant” and ultimately concluding that the bank/issuer was not merely a "nominal party” for purposes of federal diversity jurisdiction). Here, the LLC vigorously opposed the motion for a summary judgment in the trial court, arguing that the condition for payout on the letter of credit, contractual default by Weems, had not occurred.

. Regardless of whether this Court facilitated such a certification with its previous remand, it is clear to me that the partial summary judgment entered by the trial court in appeal no. 1080069 was not appropriate for Rule 54(b) certification and that this is a jurisdictional matter that we should now act to correct.